IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MELTEM METHIYE MIRALOGLU,

Plaintiff,

v.

OGUZ KAMIL SAFOGLU, *et al.*,

Defendants.

Civil No. 25-559 (RMB-EAP)

**OPINION**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Meltem Methiye Miraloglu's Amended Complaint and Application to Proceed *in forma pauperis* ("IFP"). [Docket No. 5.] Plaintiff's amended IFP application now establishes her financial eligibility to proceed without pre-payment of fees and costs and will be granted. 28 U.S.C. § 1915.

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts may also screen and dismiss a complaint under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. *Kaplan v. Garrison*, 2015 WL 5109735, at *1 (D.N.J. Aug. 31, 2015); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (federal courts can raise lack of subject matter jurisdiction on their own at any time). Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff asserts that the basis for this Court's jurisdiction is a violation of 42 U.S.C. § 1983. [Docket No. 5 at 2.] Section 1983 claims can only be brought against state actors. *See Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Plaintiff does not allege that any of the named Defendants are state actors. The Court will thus dismiss the Amended Complaint claims without prejudice.[1] An accompanying Order shall issue.

**February 11, 2025**　　　　　　　　　　　　　　　　**s/Renée Marie Bumb**
Date　　　　　　　　　　　　　　　　　　　　　　　RENÉE MARIE BUMB
　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[1] In the alternative, the Court dismisses the Amended Complaint under Federal Rule 8 which requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1)–(2). The Amended Complaint does not satisfy the "short and plain statement" requirement of Rule 8. It is so "incomprehensible," and "rambling and unclear" as to defy a response. *Tillio v. Spiess*, 441 F.App'x 109 (3d Cir. 2011); *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007).